THOMAS F. FLOODY v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 19, 1908.

Nos. 15,635—(100).

**Complaint Bad on Demurrer.**

>Plaintiff, thrown from a train derailed by the failure of a switch to lock, sued for personal injuries both the operating company, whose servant was alleged to have been negligent in the use of the switch, and the railway company to whom belonged such switch, alleged to have been in a negligent condition in this: that it did not operate automatically as intended. The only allegation as to the proximate cause of the derailment was that the operating company neglected and failed "to properly throw and lock said switch, as it was necessary and possible for it to do." It is *held* that, as against a demurrer, the complaint did not state a cause of action against the company owning the switch.

Action in the district court for Ramsey county to recover $25,000 for personal injuries suffered by plaintiff while in the employ of the defendant Omaha Company. From an order, Hallam, J., overruling defendant's demurrer to the complaint, it appealed. Reversed.

*M. L. Countryman,* for appellant.

*Humphrey Barton* and *John H. Kay,* for respondent.

JAGGARD, J.

The defendant the Great Northern Railway Company demurred to the complaint in an action brought against it and the Omaha Railroad

[1] Reported in 116 N. W. 943.

Company to recover for personal injuries caused by the derailment of a train on which plaintiff was riding. The negligence alleged on the part of the Great Northern was in maintaining a switch in a negligent condition, whereby it failed to operate automatically as intended, and it became necessary to exercise force to make it lock properly. The closest approach to an allegation that this caused the derailment was as follows:

"That the said defendant the Omaha Railway Company did carelessly and negligently fail, neglect, and refuse to properly throw and lock said switch, as it was necessary and possible for it to do, before running its passenger train over the same, and by virtue thereof, and of the said defective condition of said switch, the said engine attached to said passenger train, on which this plaintiff was so riding, was derailed, and this plaintiff was thrown from the engine in which he was riding," etc.

This is clearly an allegation that the negligent handling of the switch by the Omaha Company caused the derailment. It is not an allegation that the wrong of the Great Northern Company was a cause of the accident. Whether this complaint would have been good if a demurrer had not been interposed, and the case had gone to trial on the liberal construction appropriate, if the objection were then raised before us for the first time, is not before us. Nor do we reach the abstract question whether, under any circumstances, the alleged wrong of the Great Northern Company would have been anything more than a mere necessary antecedent or condition, as distinguished from an efficient cause.

Reversed.